**IN THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| GURRIE C. RHOADS, | ) | Case No. 14-17886 |
| Debtor. | ) | Honorable Timothy A. Barnes |

## NOTICE OF MOTION

TO:    ALL ECF REGISTRANTS; and
       BY FIRST CLASS MAIL TO:

Gurrie Rhoads, individually, and
220 Remington Company LLC
Commonwealth Avenue Joint Venture
Commonwealth Avenue Partnership
Commonwealth Commercial Center Vent
Romeo-Brook Properties Partnership
c/o Gurrie C. Rhoads
4815 Creek Drive
Western Springs IL 60558

Scott Hoster
Dystrup Hoster & Jarot PC
822 Infantry Drive
Suite 104, Joliet IL 60435

**PLEASE TAKE NOTICE** that on **JUNE 30, 2015**, at **10:30 AM**, the undersigned will appear before the Honorable Timothy A. Barnes in the Courtroom 613 at the Dirksen Federal Building located at 219 South Dearborn Street Chicago, IL, and shall then and there present the **FINAL APPLICATION FOR ALLOWANCE OF COMPENSATION AND EXPENSE REIMBURSEMENT PURSUANT TO 11 U.S.C. § 330 AS AN ADMINISTRATIVE CLAIM**, a copy of which is attached hereto and served upon you, at which time you may appear.

By: /s/ Deborah K. Ebner

Deborah K. Ebner (ARDC No. 6181615)
Law Office of Deborah K. Ebner
11 East Adams Street
Suite 904
Chicago, IL 60603
(312) 922-3838

## CERTIFICATE OF SERVICE

I, Deborah K. Ebner, an attorney, certify that I caused copies of the foregoing Notice and document described therein to be served upon the parties listed above as indicated and electronically to those registered to receive such notice for this case, on June 16, 2015.

/s/Deborah K. Ebner

**IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
|     GURRIE C. RHOADS, | ) | Case No. 14-17886 |
| Debtor. | ) | Honorable Timothy A. Barnes |

**COVER SHEET FOR FINAL APPLICATION FOR PROFESSIONAL COMPENSATION**
(Appendix to Rule 607)

Name of Applicant:            Law Office of Deborah Kanner Ebner

Authorized to Provide
Professional Services to:        Gurrie C. Rhoads (Debtor)

Date of Order Authorizing Employment:     August 24, 2014, effective July 3, 2014

Period for Which
Compensation is Sought:     October 29, 2014 through June 16, 2015

Amount of Fees Sought:        $62,372.50
Amount of Expense
Reimbursement Sought:        $602.58

This is an:  Interim Application _____   Final Application ___X___

If this is **not** the first application filed herein by this professional, disclose as to all prior fee applications:

| Date Filed | Period Covered | Total Requested (Fees & Expenses) | Total Allowed and Paid |
|---|---|---|---|
| 10/29/2014 | 7/3/14 through 10/28/14 | $21,007.08 | $21,007.08 |

                                      Applicant: Law Office of Deborah Kanner Ebner

Date:  June 16, 2015              By:  /s/Deborah K. Ebner, Esq.
                                       Deborah K. Ebner, Esq.

**IN THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
|   GURRIE C. RHOADS, | ) | Case No. 14-17886 |
|                       Debtor. | ) | Honorable Timothy A. Barnes |

**FINAL APPLICATION FOR ALLOWANCE OF COMPENSATION AND EXPENSE REIMBURSEMENT PURSUANT TO 11 U.S.C. § 330 AS AN ADMINISTRATIVE CLAIM**

Deborah K. Ebner of the Law Office of Deborah Kanner Ebner (hereinafter referred to as "Ebner Law"), prior Counsel for Debtor, Gurrie C. Rhoads, (the "Debtor"), requests that this Honorable Court enter an Order, pursuant to § 330 of the Bankruptcy Code, to allow the administrative claim of Ebner Law for final fees and expenses as an administrative expense of this estate. In support thereof, the Ebner Law states as follows:

**I.      INTRODUCTION**

1.      On May 12, 2014, (the "Petition Date), the Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code (the "Chapter 11 Case") in this District. Subsequent thereto, the Debtor continued to manage and operate his property and affairs as Debtor-in-possession under the supervision of this Court pursuant to §§ 1107 and 1108 of the Bankruptcy Code. Attorney David Brown and the firm of Springer Brown, LLC was initial counsel for the Debtor. On August 19, 2014, at the mutual request of Mr. Brown and Mr. Rhoads, Orders authorizing the withdrawal of Mr. Brown and the Springer Brown, LLC, and, the engagement of Applicant were entered. Administration of this Chapter 11 continued in its ordinary course, since the transition of counsel, and thereafter, until it became apparent that although most of the points of contention between Debtor-in-possession and its largest creditor had been resolved, that the cost of resolving the balance of issues was prohibitive, and a Chapter 7 Trustee could be more effective than the Debtor-in-possession in completing the administration. Accordingly, this case was voluntarily converted to a Chapter 7 on May 12, 2015.

2.      Gurrie C. Rhoads (hereinafter the "Rhoads" or "Debtor") is the owner and developer of certain parcels of real estate, and, is the general partner of several limited partnerships.

3.      This Chapter 11 filing was necessitated due to the acquisition of a judgment against Mr.

Rhoads on a limited mortgage guarantee. Debtor utilized his time in the Chapter 11 to understand the bankruptcy process and to develop an exit strategy that would maximize a distribution to all parties, with interests in the Estate. Debtor negotiated with the largest creditor of the Estate, but, notwithstanding diligent efforts, was not able to reach complete agreement with the Estate's largest creditor, as a result of which Debtor voluntarily converted the case to a Chapter 7. Service provided by Applicant during this Debtor-in-possession period was critical to the learning process of Mr. Rhoads. Specifically, services provided by Applicant, ensured preservation of an accurate balancing of the rights of the related entities against the duties of the Debtor-in-possession. Furthermore, through the efforts of Applicant, the areas of conflict between the Debtor and the largest creditor were narrowed, which should benefit the Chapter 7 administration.

4.   This is the Second and Final Application for Compensation filed by Ebner Law in this case. On October 29, 2014, Ebner Law presented its First Interim Application for Compensation. A copy of the Order resulting from the October 29, 2014 Interim Application is attached hereto and incorporated herein as **Exhibit A**. As recited in Exhibit A, Ebner sought interim fees in the amount of $20,540.00, and expense reimbursement in the amount of $467.08. All amounts were approved by this Court and paid by the Debtor.

5.   From October 29, 2014 through June 16, 2015, (the "Application Period"), Ebner Law has rendered 160.2 hours of legal services on behalf of the Debtor. For these services, Ebner Law seeks **$62,372.50** as and for compensation and **$602.58** as and for expense reimbursement[1].

6.   Legal services for which Ebner Law seeks compensation on behalf of the Debtor are categorized into five categories. Summarized below by category are the services rendered by Ebner Law Office during the period covered by this Application:

6.1.   <u>Case Administration:</u> Professional services provided in this category include advising the Debtor of his bankruptcy duties and options. Ebner Law reviewed, researched and advised the Debtor regarding property of the Estate, claims, Chapter 11 operational requirements, exit strategies and

---

[1] Total hours of legal services rendered on behalf of the Debtor exceed $62,372.50, as evidenced by the attached timesheets. Ebner waives the right to claim compensation of any amount over and above $62,372.50.

4

debtor/creditor issues. In connection with the foregoing, Ebner Law spent **7.2** hours for which it requests allowance and payment of interim compensation in the amount of **$2,863.50**. The itemized statement of services performed by Ebner Law for this matter category is attached hereto as **Exhibit B**. In the table set forth below is a listing of the professionals who billed time to each matter category during the Application Period, those professionals' hourly rates, and the aggregate amount billed to the matter category by each professional.[1]

| **Name** | **Hours** | **Rate (per hour)** | **Amount** |
|---|---|---|---|
| Deborah K. Ebner | 3.3 | $395 | $1,303.50 |
| Deborah K. Ebner | 3.9 | $400 | $1,560.00 |
| **Total:** | **7.2** | | **$2,863.50** |

    6.2    <u>Claims Administration:</u> Professional services provided in this category include preparation of a motion to set bar date, discussions with counsel for all creditors in an effort to resolve disputes relating to balances claimed due, and other issues, and strategies for satisfaction of these amounts. In connection with the foregoing, Ebner Law spent **17.8** hours for which it requests allowance and payment of interim compensation in the amount of **$6,358.50**. The itemized statement of services performed by Ebner Law for this matter category is attached as **Exhibit C**. In the table set forth below is a listing of the professionals who billed time to each matter category during the Application Period, those professionals' hourly rates, and the aggregate amount billed to the matter category by each professional.

| **Name** | **Hours** | **Rate (per hour)** | **Amount** |
|---|---|---|---|
| Deborah K. Ebner | 2.3 | $395 | $908.50 |
| Deborah K. Ebner | 5.4 | $400 | $2,160.00 |
| Deborah K. Ebner | .7 | $0 | $0.00 |
| Jerrold V. Hobfoll | 9.4 | $350 | $3,290.00 |
| **Total:** | **17.8** | | **$6,358.50** |

    6.3    <u>Fee/Employment Applications:</u> Ebner Law prepared and presented the Debtor's Motion

to Ratify Payment to Scott Hoster. This time includes attendance at court hearings in connection with this application. The time also includes the time spent in preparation of the instant motion. In connection with the foregoing, Ebner Law spent **5.0** hours for which it requests allowance and payment of interim compensation in the amount of **$1,993.50**. The itemized statement of services performed by Ebner Law for this matter category is attached as **Exhibit D**. In the table set forth below is a listing of the professionals who billed time to each matter category during the Application Period, those professionals' hourly rates, and the aggregate amount billed to the matter category by each professional.[1]

| **Name** | **Hours** | **Rate (per hour)** | **Amount** |
|---|---|---|---|
| Deborah K. Ebner | 1.3 | $395 | $513.50 |
| Deborah K. Ebner | 3.7 | $400 | $1,480.00 |
| **Total:** | **5.0** |  | **$1,993.50** |

6.4    Litigation: The time spent by Ebner Law in this category relates to the preparation for and attendance at all matters that were contested with regard to this particular Application, time expended in this category is limited to the collection and dissemination of discovery to U.S. Bank, N.A. in response to its Motion for 2004 Exam, and all Court appearance relating thereto. In connection with the foregoing, Ebner Law Office spent **3.1** hours for which it requests allowance and payment of interim compensation in the amount of **$1,129.50**. The itemized statement of services performed by Ebner Law for this matter category is attached as **Exhibit E**. In the table set forth below is a listing of the professionals who billed time to each matter category during the Application Period, those professionals' hourly rates, and the aggregate amount billed to the matter category by each professional.

| **Name** | **Hours** | **Rate (per hour)** | **Amount** |
|---|---|---|---|
| Deborah K. Ebner | 2.1 | $395 | $829.50 |
| James Burns | 1.0 | $300 | 300.00 |
| **Total:** | **3.1** |  | **$1,129.50** |

6.5    Plan and Disclosure Statement:  To date, Ebner Law has expended **127.1** hours and seeks

6

interim compensation in the amount of **$50,027.50**. The itemized statement of services performed by Ebner Law for this matter category is attached as **Exhibit F**.  In the table set forth below is a listing of the professionals who billed time to each matter category during the Application Period, those professionals' hourly rates, and the aggregate amount billed to the matter category by each professional.[1]

| **Name** | **Hours** | **Rate (per hour)** | **Amount** |
|---|---|---|---|
| Deborah K. Ebner | 19.5 | $395 | $7,702.50 |
| Deborah K. Ebner | 96.2 | $400 | $38,480.00 |
| Deborah K. Ebner | .4 | $0 | $0.00 |
| Karen J. Porter | 9.7 | $385.00 | $3,734.50 |
| Liz Daleccio | 1.3 | $85.00 | $110.50 |
| **Total:** | **127.1** | | **$50,027.50** |

7. An itemized and detailed statement of the expenses incurred and advanced the by Ebner Law Office during the Application Period, is attached hereto as **Exhibit G**.

8. Ebner Law regularly made and kept records of services on behalf of the Debtor, including a summary or description of the services rendered, the date the services were rendered and the time expended to render the services, in one-tenth hour increments. Specifically, each attorney rendering service maintained and recorded by means of direct entry into a computerized time and billing system maintained by Ebner Law, services rendered.

9. Ebner Law consists of Deborah K. Ebner, principal, and "of Counsel" affiliates. The of Counsel Affiliates have a permanent relationship with Ebner Law, as disclosed in their affidavits.[2] Attorneys rendering service on this engagement as follows:

> (a) Deborah K. Ebner is an Attorney who has been duly licensed by the State of Illinois for more than 30 years, and has concentrated her practice in the area of

---

[2] Karen Porter was engaged as an "of Counsel" affiliate in March 2015 for the purpose of assisting with portions of this engagement including, partial drafting and legal research services. Ordinarily, Dennis Quaid provides these functions with Ebner Law, but in light of his conflict of interest in this particular case, Porter's services were utilized in his place and stead.

7

bankruptcy law for almost all of those years. She has served as a panel trustee since in or about 1983, and has served as counsel for Debtors in many hundreds of cases. Her counsel hourly rate is $400.00.

(b)  Jerrold V. Hobfoll is an Attorney who has been duly licensed by the State of Illinois for more than 20 years, and has concentrated his practice in the area of real estate for almost all of those years. His of Counsel hourly rate is $350.00. The services provided by Hobfoll are expressly limited to real estate issues.

(c)  Karen J. Porter is an Attorney who has been duly licensed by the State of Illinois for more than 30 years, and has concentrated her practice in the area of bankruptcy law, commercial law and tax collection law for almost all of those years. Her of Counsel hourly rate is $385.00.[3]

(d)  James J. Burns is an Attorney who has been duly licensed by the State of Illinois for more than 25 years, and has concentrated his practice in the area of bankruptcy law for almost all of those years. His of Counsel hourly rate is $300.00.

10.  Ebner Law asks this Court to award interim compensation in the amount of **$62,372.50** for 160.2 hours of service which the firm has rendered during the Application Period on behalf of the Debtor. Ebner Law submits that after taking into account all relevant factors including the time spent, the rates charged, the necessity of the service for the administration of this particular Estate, benefit to this particular Estate at the time the services were rendered toward the completion of this case, and the time and effort required for this engagement in light of the complexities involved, that a finding of reasonableness is appropriate.

(a)  The time spent on this particular engagement was appropriate and necessary. Time was balanced between educating the Debtor about the mechanics of both Chapter 7 and 11, and, how those mechanics are implemented in this Chapter 11, and, how they would be implemented in a Chapter 7, protecting the rights of the Debtor, counseling and

---

[3] Porter has agreed to reduce her customary hourly rate in order to accommodate this engagement.

overseeing the Debtor with regard to his fiduciary duty to the Estate, and insulating the Estate from potential claims of related entities. As a result of the patient and thorough provision of legal counsel, Mr. Rhoads has a thorough understanding of the information necessary to complete his obligations as a fiduciary for the benefit of this Estate, no matter what the ultimate exit from bankruptcy jurisdiction is.

(b)     The rate of compensation sought by Ebner Law Office for services rendered to the Debtor is <u>well</u> within the parameters of the rates other attorneys of similar experience, expertise and reputation generally seek as compensation for comparable services rendered in connection with the bankruptcy proceedings within this District.

(c)     The services provided were necessary for the administration of this Estate, and were beneficial at the time the service was rendered toward completion of the case. Furthermore, the impact of the counsel and instruction provided by Applicant will have a continuing beneficial impact through the duration of the administration of this case.

This case was filed shortly after acquisition of an approximate 7 million judgment ("Judgment") against the Debtor. The filing implemented a stay of collection efforts by the judgment creditor, whose judgment was appealed by the Debtor. The outcome of the appeal has been central to this Chapter 11. The judgment, reduced to 3.5 million in the proof of claim filed by the judgment creditor, dwarfed the size of remaining claims, and, by virtue of its voting power in this case, determines the case outcome. Applicant was mindful of the Debtor's period of exclusivity, and worked diligently to outline various reorganization strategies with the Debtor-in-possession that would address the possibility that the claim of the judgment creditor would be upheld on appeal, and, also denied. The development of exit strategies has not been straightforward, but, has been a process of understanding certain agreements to which the Debtor and others are parties, implementing a marketing effort that is necessary to obtain the highest and best value for the Estate, and negotiating the historically contentious relationship and

level of distrust between the Debtor and its largest creditor. Although the final version of Debtor's Modified Plan of Reorganization continues to be developed and has not yet reached the hearing stage, the process of developing the present version of the Plan was necessary as it provided a thorough education for the Debtor and ensures a proper and responsible administration of this Estate that will generate maximum return for all parties in interest. Gurrie Rhoads, looks forward to completing the fulfillment of his fiduciary obligation of maximizing return to the Estate, by way of either working with a Trustee, or, as an administrator of this Estate.

11. In connection with the performance of the services rendered herein, Ebner Law has incurred actual and necessary expenses for which it requests reimbursement in the amount of **$602.58**. These expenses were rendered primarily in connection with the copying and service of motions and other pleadings filed with this Court. All of the expenses for which reimbursement is requested are of a type previously allowed by this Court and other courts in this jurisdiction.

12. Ebner Law has no agreement or understanding with any person, firm or entity with respect to any determination about the amount of compensation or reimbursement it shall receive for services rendered or expenses incurred on behalf of the Debtor.

13. No person, firm or entity has promised to provide Ebner Law any compensation or reimbursement for services rendered or expenses incurred on behalf of the Debtor-in-possession.

14. Except as permitted by Section 504(b) of the Bankruptcy Code, Ebner Law has neither shared nor agreed to share with any person, firm or entity, any compensation or reimbursement it may receive for services rendered or expenses incurred on behalf of the Debtor.

15. A copy of this Application has been served upon the Debtor, 220 Remington Company LLC, Commonwealth Avenue Joint Venture, Commonwealth Avenue Partnership, Commonwealth Commercial Center Vent, Romeo-Brook Properties Partnership, attorney Scott Hoster, and all ECF registrants. Applicant had previously discussed the contents of this Application with Debtor. A shortened Notice has been mailed to all creditors and parties-in-interest.

**WHEREFORE**, for the foregoing reasons, Applicant Deborah K. Ebner of the Law Office of Deborah Kanner Ebner, respectfully asks this Honorable Court to grant the following relief:

I. To award the Law Office of Deborah Kanner Ebner final compensation in the amount of **$62,372.50**;

II. To award the Law Office of Deborah Kanner Ebner interim reimbursement of expenses in the amount of **$602.58**;

III. To ratify all prior interim awards and compensation and expense reimbursement as final;

IV. To deem this final award as an allowed administrative claim; and

V. To grant the Law Office of Deborah Kanner Ebner such other and further relief as the Court upon hearing shall deem just and equitable.

        Respectfully submitted,
        DEBORAH K. EBNER

By:    /s/Deborah K. Ebner
       Deborah K. Ebner

Deborah K. Ebner (ARDC No. 6181615)
Law Office of Deborah Kanner Ebner
11 East Adams Street
Suite 904
Chicago, Illinois 60603
(312) 922-3838