## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| In re: | Chapter 7 |
| GURRIE C. RHOADS | Case No. 14-17886 |
| Debtor. | Hon. Timothy A. Barnes |

### NOTICE OF APPLICATION

**TO:**   **See Attached Service List**

   **PLEASE TAKE NOTICE** that on December 4, 2018 at 10:00 a.m., the undersigned shall appear before the Honorable Timothy A. Barnes, or whomever may be sitting in his place and stead, in courtroom 744, United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, 219 S. Dearborn, Chicago, IL 60604 and will then and there present the **First and Final Fee Application of Shaw Fishman Glantz & Towbin LLC as Counsel to Chapter 7 Trustee for Allowance of Compensation and Reimbursement of Expenses and Related Relief**, at which time you may appear if you deem fit.

Dated: November 13, 2018

Respectfully submitted,

*/s/ Brian L. Shaw*
Brian L. Shaw
David R. Doyle
FOX ROTHSCHILD LLP
321 N. Clark Street, Ste. 800
Chicago, IL 60654
Tel: (312) 541-0151

*Counsel to the Chapter 7 Trustee*

## <u>CERTIFICATE OF SERVICE</u>

David R. Doyle certifies that she caused to be served a true copy of the above and foregoing **Notice of Application** and **First and Final Fee Application of Shaw Fishman Glantz & Towbin LLC as Counsel to Chapter 7 Trustee for Allowance of Compensation and Reimbursement of Expenses and Related Relief**, upon the attached Service List in the manner indicated on November 13, 2018.

/s/ David R. Doyle

# Mailing Information for Case 14-17886

## Electronic Mail Notice List

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- Ira Bodenstein    ibodenstein@foxrothschild.com, plove@foxrothschild.com;chdocket@foxrothschild.com
- Edmond M Burke    eburke@chuhak.com, mvasquez@chuhak.com
- Mark E. Burt    meblawllc@gmail.com
- Barry A Chatz    barry.chatz@saul.com, jurate.medziak@saul.com;irsiabc@aol.com;IL98@ecfcbis.com
- David R Doyle    ddoyle@foxrothschild.com, kjanecki@foxrothschild.com
- Deborah K Ebner    dkebner@deborahebnerlaw.com, webmaster@debnertrustee.com;lizd@deborahebnerlaw.com
- Philip Fornaro    philip@fornarolaw.com, john@fornarolaw.com;odeta@fornarolaw.com;mark@fornarolaw.com;vince@fornarolaw.com
- Kenneth E Garstka    kennethegarstka@gmail.com
- John W Guzzardo    jguzzardo@hmblaw.com, ecfnotices@hmblaw.com
- Jacob H. Karaca    jhkaraca@ktjnet.com
- Patrick S Layng    USTPRegion11.ES.ECF@usdoj.gov
- David P Lloyd    courtdocs@davidlloydlaw.com
- Herman J. Marino    hjmarino@marinolaw.net
- Monica C O'Brien    gstern1@flash.net
- Kevin R Purtill    kpurtill@chuhak.com, vjefferson@chuhak.com
- Brian L Shaw    bshaw@foxrothschild.com, cknez@foxrothschild.com
- Gregory K Stern    greg@gregstern.com, steve_horvath@ilnb.uscourts.gov
- Allison E Thompson    allison.thompson@kattenlaw.com

## Via Regular Mail:

See attached Service List

Label Matrix for local noticing
0752-1
Case 14-17886
Northern District of Illinois
Chicago
Tue Nov 13 10:50:01 CST 2018

Elecmat Remington LLC
720 Enterprise Drive
Oak Brook, IL 60523-1908

Hartz Construction
9026 Heritage Parkway
Woodridge, IL 60517-4939

U.S. BANK N.A. ND
180 N LASALLE STREET STE 2400
CHICAGO, IL 60601-2704

Village of Western Springs
740 Hillgrove Ave.
Western Springs, IL 60558-1478

U.S. Bankruptcy Court
Eastern Division
219 S Dearborn
7th Floor
Chicago, IL 60604-1702

Charles W Snyder
926 Sandy Ln
Medina, Ohio 44256-2026

Commonwealth Properties Company
c/o Kenneth E. Garstka
314 N. Catherine
LaGrange Park, IL 60526-2003

Elecmat Remington, LLC
c/o Herman J. Marino Esq.
53 West Jackson Boulevard
Suite 1557
Chicago, IL 60604-3793

Herman Marino
53 W Jackson Blvd
Suite 1557
Chicago, IL 60604-3793

Kevin R. Purtill
Chuhak & Tecson PC
30 S Wacker Drive, Ste 2600
Chicago, IL 60606-7512

Lincoln Way Community Bank
1000 East Lincoln Highway
New Lenox, IL 60451-2145

LincolnWay Community Bank
Troy & Associates
116 N. Chicago Street
Suite 202
Joliet, IL 60432-4207

Mallory A Milluzzi
20 N. Wacker Drive Ste 1660
Chicago, IL 60606-2903

Michael Jurusik
Klein Thorp & Jenkins
20 N Wacker Drive
Chicago, IL 60606-2903

Office of the U.S. Trustee
219 S. Dearborn Street Room 873
Chicago, IL 60604-2027

Office of the U.S. Trustee
219 South Dearborn St
Room 873
Chicago, IL 60604-2027

PNC BANK
PO BOX 94982
CLEVELAND, OHIO 44101-4982

Romeo - Brook Properties Partnership I
4815 Creek Drive
Western Springs, IL 60558-1265

Scott and Debra Grosse
826 Broken Lance Drive
Breckenridge, CO 80424

Sheldon C. Bell
17148 S. Caitlin Ct.
Plainfield, IL 60586-9294

Stephen Jackson
109 Symonds Drive
#429
Hinsdale, IL 60522-7330

Stephen Jackson
PO Box 429
Hinsdale, IL 60522-0429

Tamara Muller
c/o Katten Muchin Rosenman LLP
Attn: William J. Dorsey, Esq.
525 W. Monroe St.
Chicago, IL 60661-3693

U.S. Bank National Association
c/o Chuhak & Tecson, P.C.
Kevin R. Purtill
30 S. Wacker Drive, Suite 2600
Chicago, IL 60606-7512

(p)US BANK
PO BOX 5229
CINCINNATI OH 45201-5229

WELLS FARGO BANK, N.A.
PO BOX 10438
 MAC: X2505-036
DES MOINES, IA 50306-0438

Waste Management
700 E Butterfield Road
Lombard, IL 60148-6000

Barry A Chatz
Saul Ewing Arnstein & Lehr LLP
161 North Clark Street
Suite 4200
Chicago, IL 60601-3316

David P Lloyd
David P. Lloyd, Ltd.
615B S. LaGrange Rd.
LaGrange, IL 60525-6864

Deborah K. Ebner
Law Offices of Deborah K. Ebner
11 E. Adams, Ste. 904
Chicago, IL 60603-6306

Gurrla C. Rhoads
4815 Creek Drive
Western Springs, IL 60558-1265

Mary Jo Quirk
D'Aprile Properties
40 East Hinsdale Avenue
Suite 200
Hinsdale, IL 60521-4664

Patrick S Layng
Office of the U.S. Trustee, Region 11
219 S Dearborn St
Room 873
Chicago, IL 60604-2027

Scott Hoster
Dystrup, Hoster & Jarot, P.C.
822 Infantry Drive
Suite 104
Joliet, IL 60435-3107

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| In re: | Chapter 7 |
| GURRIE C. RHOADS | Case No. 14-17886 |
| Debtor. | Hon. Timothy A. Barnes |

### COVER SHEET FOR APPLICATION FOR PROFESSIONAL COMPENSATION

| | |
|---|---|
| Name of Applicant: | Shaw Fishman Glantz & Towbin LLC |
| Authorized to Provide Professional Services to: | Barry Chatz, chapter 7 trustee |
| Date of Order Authorizing Employment: | August 12, 2015 (effective July 9, 2015) |
| Period for Which Compensation is Sought: | July 9, 2015 – June 10, 2018 |
| Amount of Fees Sought: | $400,000.00 |
| Amount of Expense Reimbursement Sought: | $21,244.49 |

| This is a(n): | ☐ Interim Application | ☒ Final Application |
|---|---|---|

If this is not the first application filed herein by this professional, disclose as to all prior fee applications:

| Date Filed | Period Covered | Total Requested (Fees and Expenses) | Total Allowed | Any Amount Ordered Withheld |
|---|---|---|---|---|
| N/A | N/A | N/A | N/A | N/A |

| Applicant: | Shaw Fishman Glantz & Towbin LLC |
|---|---|
| Date:   November 13, 2018 | By:   /s/ Brian L. Shaw |
| | One of its Members |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 7 |
| GURRIE C. RHOADS | Case No. 14-17886 |
| Debtor. | Hon. Timothy A. Barnes |

**FIRST AND FINAL FEE APPLICATION OF SHAW FISHMAN GLANTZ &**
**TOWBIN LLC AS COUNSEL TO CHAPTER 7 TRUSTEE FOR ALLOWANCE OF**
**COMPENSATION AND REIMBURSEMENT OF EXPENSES AND RELATED RELIEF**

Shaw Fishman Glantz & Towbin LLC ("*Shaw Fishman*"), counsel to Barry Chatz, not individually, but solely in his capacity as the chapter 7 trustee (the "*Trustee*") of the bankruptcy estate of Gurrie C. Rhoads (the "*Debtor*"), applies to this Court pursuant to 11 U.S.C. §§ 330 and 331, Rules 2002(a)(6) and 2016(a) of the Federal Rules of Bankruptcy Procedure, and Local Bankruptcy Rule 5082-1, for entry of an order (i) allowing Shaw Fishman the amount of $400,000 (the "*Fees*") as compensation for 1,394.30 hours of professional services rendered for the period beginning July 9, 2015 through and including June 10, 2018 (the "*Application Period*"), and (ii) allowing Shaw Fishman the amount of $21,244.49 (the "*Expenses*") as reimbursement for actual costs incurred incidental to those services. In support of this application (the "*Application*"), Shaw Fishman respectfully states as follows:

**Background**

1.     The Debtor filed a bankruptcy petition on May 12, 2014 (the "*Petition Date*") under chapter 11 of title 11 of the United States Code (the "*Bankruptcy Code*"), thereby commencing the above-captioned bankruptcy case (the "*Bankruptcy Case*").

2.     On May 5, 2015, the Debtor moved to convert the Bankruptcy Case from chapter 11 to chapter 7 of the Bankruptcy Code.

3.     On May 12, 2015, the Court granted the motion and converted the Bankruptcy Case to chapter 7 of the Bankruptcy Code.

4.     Barry Chatz was subsequently elected chapter 7 Trustee of the Debtor's bankruptcy estate (the "*Estate*").

5.     The Court has core jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

6.     On July 23, 2015, the Trustee filed the *Application of Trustee for Authority to Employ Bankruptcy Counsel* [Dkt. No. 174] (the "*Shaw Fishman Retention Application*") to retain Brian Shaw, Ira Bodenstein and the law firm of Shaw Fishman Glantz & Towbin LLC (collectively, "*Shaw Fishman*") as bankruptcy counsel in connection with the above-captioned bankruptcy case pursuant to 11 U.S.C. §§ 327 and 330 and Fed. R. Bankr. P. 2014.  As set forth in the Retention Application, the Trustee sought to retain Shaw Fishman to provide the following services:

(a)     Advise the Trustee with respect to his duties and powers in the Case;

(b)     Assist and advise the Trustee with respect to the liquidation of the Estate's interest in any property;

(c)     Assist and advise the Trustee in connection with claim resolution, if necessary; and

(d)     Perform such other legal services as may be required and in the best interest of the Estate.

7.     On August 12, 2015, the Court granted the Shaw Fishman Retention Application and authorized the Trustee to retain Shaw Fishman, effective as of July 9, 2015 [Dkt. No. 187].

8.     Subsequently, Shaw Fishman merged with Fox Rothschild LLP ("*Fox Rothschild*"), effective June 11, 2018.  On August 7, 2018, the Court entered an order authorizing the Trustee to retain Fox Rothschild, effective June 11, 2018.  [Dkt. No. 420].

9.     This Application seeks the final allowance of the Fees as compensation for services rendered by Shaw Fishman through June 10, 2018, and reimbursement of the Expenses advanced by Shaw Fishman in connection with those services.  Fox Rothschild will file a separate application for fees and expenses pertaining to services rendered after June 10, 2018.

### Relief Requested

10.     Shaw Fishman respectfully requests entry of an order allowing the Fees and Expenses on a final basis.  Shaw Fishman's statements of services rendered and expenses incurred for the Application Period (the "*Invoices*") are attached hereto as <u>Exhibit A</u> and incorporated herein by reference.  The Invoices provide detailed descriptions of all services rendered in each of the categories, as well as the timekeeper, date, and amount of time expended in each category.

11.     In the aggregate, Shaw Fishman's attorneys and paralegals rendered 1,394.30 hours of services in connection with this case during the Application Period at their customary hourly rates, for an average hourly rate of $402.00, as set forth in the following chart.

| Professional | Title | Hours | Hourly rate[1] | Fees |
|---|---|---|---|---|
| Brian L. Shaw | Member | 322.5 | $515-570 | $175,614.50 |
| David L. Shaw | Member | 9.3 | $380-390 | $3,587.00 |
| Ira Bodenstein | Member | 1 | $515 | $515.00 |
| Joseph L. Cohen | Member | 2.7 | $405 | $1,093.50 |
| Allison Hudson | Associate | 2.4 | $290 | $696.00 |
| Christina M. Sanfelippo | Associate | 6.9 | $250 | $1,725.00 |
| David R. Doyle | Associate | 244.3 | $325-370 | $89,984.50 |
| John W. Guzzardo | Of-Counsel | 648.8 | $385-410 | $255,908.00 |
| Abigail Mast | Paralegal | 1 | $205 | $205.00 |
| Andrew W. Mason | Paralegal | 24.5 | $0-200 | $400.00 |
| Bernard Thomas | Paralegal | 1.6 | $145-150 | $238.00 |
| Carlene S. Gordon | Paralegal | 60.1 | $210-220 | $12,880.00 |
| Charmala S. Donohue | Paralegal | 51.3 | $250-270 | $13,733.00 |

---

[1]  The applicable billing rate for certain of the professionals changed throughout the Case when Shaw Fishman reevaluated its billing rates in January of each year.

| Professional | Title | Hours | Hourly rate[1] | Fees |
|---|---|---|---|---|
| Francesca Zozzaro | Paralegal | 3.6 | $220 | $792.00 |
| Patricia M. Fredericks | Paralegal | 14.3 | $205-220 | $3,013.50 |
| **TOTAL** | | **1394.3** | | **$560,385.00** |

12.     The significant amount of time spent by Shaw Fishman attorneys is due to a number of factors that made it extremely difficult for the Trustee to administer the Estate and were beyond Shaw Fishman or the Trustee's control.  Those factors included:  (a) the chronic recalcitrance and outright refusal by the Debtor and his affiliates to cooperate with the Trustee's administration of the Estate;  (b) the lack of business records maintained by the Debtor in connection with his real estate development business, which required the attorneys at Shaw Fishman to review scores of documents and take extensive deposition testimony from the Debtor, his attorney and his business associate in order to understand the Debtor and his companies' finances, transactions and the Estate's ownership interests;  (c) the failure of the Debtor to maintain corporate formalities or complete formation documents in connection with his business entities;  (d) the Debtor's decision to pursue litigation against the Trustee and the Estate, including by taking inapposite positions in connection with the ownership of assets of the estate, failing to keep the Trustee apprised of the sales of assets in which the Estate had an interest, and filing an adversary proceeding against the Estate and claim objections against creditors through one or more of his business entities;  and (e) the Trustee's obligation to object to the Debtor's discharge under 11 U.S.C. § 727(a).

13.     Nevertheless, Shaw Fishman has agreed to write-off and reduce the amount of its Fees in the amount of $160,385.00, such that the total amount of Fees requested by Shaw Fishman totals $400,000.00.

14.     In an effort to provide the Court and parties in interest with understandable information concerning the amount and nature of Shaw Fishman's services during the

Application Period, Shaw Fishman has classified its services into seven separate categories of services as follows:

| Category | Hours | Fees |
|---|---|---|
| Case Administration | 76.6 | $33,374.00 |
| Creditors & Claims | 1.9 | $579.50 |
| Investigation and Discovery | 29.2 | $11,750.00 |
| Objection to Discharge and WSMC Agreement Litigation | 936.6 | $368,438.50 |
| Other Contested Matters and Litigation with Debtor and Affiliates | 295 | $121,086.00 |
| Recapture Agreement | 29.3 | $12,102.00 |
| Village of Western Springs | 25.7 | $13,055.00 |
| **Total** | **1394.3** | **$560,385.00** |

15.     The following are separate descriptions of each category with fees incurred over $1,000 and the total value of the services provided within each category.

## Case Administration

16.     This category includes services pertaining to general case administration, including but not limited to, preparation for and participation in hearings, meetings, telephone conferences and other activities where various subject matters were discussed, analyzed, or otherwise acted upon.  Specific tasks in this category also included:

a.  Preparing an application to retain a broker for the sale of the real estate owned by the Debtor;

b.  Addressing matters pertaining to the retention of Shaw Fishman, including drafting the Trustee's application to employ Shaw Fishman;

c.  Reviewing real estate records, agreements, schedules and other documents to obtain background information necessary to provide counsel to the Trustee;

d.  Drafting an application to employ Gregory Stern as special counsel to the Trustee;

e.  Communicating with the United States Trustee's office regarding various matters;

f.  Advising the Trustee with respect to the administrative claims of the Debtor's professionals incurred prior to conversion of the bankruptcy case to chapter 7;

g.  Reviewing documents filed in the bankruptcy case to determine whether they were pertinent to the Trustee's administration of the Estate; and

h.  Attending related hearings.

| Professional | Hours | Fees |
|---|---|---|
| Brian L. Shaw | 32.3 | $16,846.50 |
| John W. Guzzardo | 39.2 | $15,309.00 |
| David R. Doyle | 1.3 | $427.00 |
| Bernard Thomas | 0.1 | $14.50 |
| Carlene Gordon | 3.7 | $777.00 |
| **Total** | **76.6** | **$33,374.00** |

### Recapture Agreement

17.    This category includes services pertaining to that certain Recapture Agreement dated October 28, 2002, between the Village of Western Springs (the "*Village*"), Commonwealth Properties Company, L.L.C. ("*CPC*"), the Debtor and Rhoads Development Company (the "*Recapture Agreement*").  The Recapture Agreement permitted the Debtor and CPC to recoup some of the costs of public improvements made by the Debtor and CPC in connection with the construction of the Commonwealth Avenue townhome development.   Specific tasks in this category included: (a)reviewing and analyzing the Recapture Agreement and related agreements, plat of survey and site plan; (b)researching various aspects of the Recapture Agreement under Illinois law, and advising the Trustee regarding same; and (c) counseling the Trustee with respect to the Estate's rights to amounts owed under the Recapture Agreement.

| Professional | Hours | Fees |
|---|---|---|
| Brian L. Shaw | 9.3 | $4,801.50 |
| David L. Shaw | 9.3 | $3,587.00 |
| Joseph L. Cohen | 2.2 | $891.00 |
| John W. Guzzardo | 6 | $2,310.00 |
| Patricia Fredericks | 2.5 | $512.50 |
| **Total** | **29.3** | **$12,102.00** |

**Investigation and Discovery**

18.     This category includes services pertaining to the Trustee's investigation of the assets and business affairs of the Debtor and his business entities.  Specific tasks in this category included extensive work on the: (a) preparation and issuance of subpoenas and motions for Rule 2004 examination; (b) review of contracts, operating agreements and other documents produced by the Debtor and his business entities; (c) asset searches; (d) preparation of a chart setting forth the apparent organizational structure of the entities in which the Debtors holds, or appeared to hold, an interest; and (e) appearing at related hearings before the Court.

| Professional | Hours | Fees |
|---|---|---|
| Brian L. Shaw | 7.1 | $3,695.50 |
| John W. Guzzardo | 19.3 | $7,480.50 |
| Patricia Fredericks | 2.8 | $574.00 |
| **Total** | **29.2** | **$11,750.00** |

**Objection to Discharge and WSMC Agreement Litigation**

19.     This category includes services pertaining to two matters: (i) the adversary proceeding filed by the Trustee against the Debtor, Adv. Pro. No. 16-273 (the "***727 Adversary Proceeding***"), in which the Trustee objected to the Debtor's discharge pursuant to 11 U.S.C. §727(a), and (ii) the Trustee's recovery of funds owed to the Debtor under the Transition Services Agreement (the "***WSMC Agreement***") between WSMC Partners, LLC ("***WSMC***") and the Debtor.  Both matters were set for a combined four-day trial in May 2018 but were settled on the morning of the first day of the trial.  The parties subsequently entered into a settlement agreement signed by the Trustee, the Debtor, CPC, and Commonwealth Avenue Ventures ("***CAV***").  On June 6, 2018, the Court entered an order approving the settlement [Dkt. No. 410].

20.     Specific tasks in this category included:

   a.   Preparing motions to extend the deadline for the Trustee to object to the Debtor's discharge;

b.  Drafting an extensive complaint outlining the factual background supporting the numerous grounds for denying the Debtor a discharge under 11 U.S.C. § 727(a), and performing related legal research.

c.  Issuing and responding to discovery;

d.  Communicating with counsel for the Debtor and CPC regarding their repeated failures to produce documents;

e.  Reviewing the documents produced by the Debtor, his attorneys and various third parties;

f.  Preparing for and taking the depositions of the Debtor (which took four days), his business attorney Kenneth Garstka (which took two days) and the Debtor's business associate Russell Joyce;

g.  Preparing for and defending the Debtor's deposition of the Trustee;

h.  Drafting various discovery letters to the Debtor and his attorneys under Fed. R. Civ. P. 37;

i.  Preparing and prosecuting multiple motions to compel responses to the Trustee's discovery;

j.  Drafting motions to extend discovery deadlines, as well as to reopen discovery because of the Debtor's refusal to comply with discovery;

k.  Drafting a motion to strike the Debtor's amendment to bankruptcy Schedule G, which sought to recharacterize the WSMC Agreement as an executory contract;

l.  Communicating with counsel for WSMC regarding payments due under the WSMC Agreement and WSMC's agreement to escrow any payments due to the Debtor;

m. Preparing for trial, including by analyzing the lengthy deposition and 341 meeting transcripts, preparing trial, argument and witness outlines, drafting a substantial pretrial statement and list of stipulated facts, communicating with fact witnesses and preparing exhibit binders;

n.  Drafting documents related to the settlement reached by the Trustee and the Debtor, including the settlement agreement, related promissory note and mortgages, and a notice and motion to approve the settlement; and

o.  Attending related hearings.

| Professional | Hours | Fees |
|---|---|---|
| Brian L. Shaw | 192 | $106,492.50 |
| John W. Guzzardo | 395.1 | $155,972.00 |
| David R. Doyle | 205.2 | $75,913.50 |
| Patricia Fredericks | 5.3 | $1,113.00 |
| Christina M. Safelippo | 6.9 | $1,725.00 |
| Andrew W. Mason | 19.5 | $400.00 |
| Carlene S. Gordon | 56.4 | $12,103.00 |
| Charmala Donohue | 51.3 | $13,733.00 |
| Francesa Zozzaro | 3.6 | $792.00 |
| Bernard Thomas | 1.3 | $194.50 |
| **Total** | **936.6** | **$368,438.50** |

### Other Contested Matters and Litigation with Debtor and Affiliates

21.     This category includes services pertaining to various contested matters and other litigation between the Trustee and the Debtor and his entities, including CPC and Commonwealth Avenue Ventures ("*CAV*").  This litigation included, among other things: (i) the Trustee's motion to enforce the automatic stay with respect to the sale of certain townhomes owned by CPC, and (ii) the adversary proceeding filed by CAV against the Trustee, Adv. Pro. No. 17-296, seeking to impose a resulting trust on various real estate titled in the name of the Debtor (the "*CAV Adversary Proceeding*").

22.     Specific tasks in this category included:

   a.   Drafting cease and desist letters relating to the Debtor's utilization of his business entities to conduct business without the knowledge or approval of the Trustee;

   b.   Preparing a motion to enforce the automatic stay and recording *lis pendens* on the townhomes;

   c.   Negotiating an escrow agreement for the net proceeds from the sale of townhomes during the Bankruptcy Case;

   d.   Analyzing and responding to the Debtor's motion to compel the Trustee to abandon property of the Estate;

e.  Reviewing the complaint filed by CAV and researching Illinois law on resulting trusts;

f.  Researching and drafting a motion to dismiss the CAV Adversary Proceeding for lack of standing and drafting a reply brief in support of the motion; and

g.  Attending related hearings.

| Professional | Hours | Fees |
|---|---|---|
| Brian L. Shaw | 59.2 | $31,922.00 |
| Ira Bodenstein | 1 | $515.00 |
| John W. Guzzardo | 185.7 | $73,466.00 |
| Allison Hudson | 2.4 | $696.00 |
| David R. Doyle | 37.8 | $13,644.00 |
| Andrew Mason | 5 | $0.00 |
| Patricia Fredericks | 3.7 | $814.00 |
| Bernard Thomas | 0.2 | $29.00 |
| **Total** | **295** | **$121,086.00** |

**Village of Western Springs**

23.    This category includes services pertaining to the Trustee's investigation into the claim of the Village against the Estate.  Specific tasks included: (a) meeting with counsel for the Village; (b) analyzing settlement proposals pertaining to the resolution of claims by and between the Estate and the Village; and (c) reviewing documents pertaining to the business dealings between the Village and the Debtor.

| Professional | Hours | Fees |
|---|---|---|
| Brian L. Shaw | 22.4 | $11,753.50 |
| Joseph L. Cohen | 0.4 | $162.00 |
| John W. Guzzardo | 2.9 | $1,139.50 |
| **Total** | **25.7** | **$13,055.00** |

24.    The hourly rates charged by Shaw Fishman compare favorably with the rates charged by other Chicago metropolitan firms having attorneys and paralegals with similar experience and expertise as the Shaw Fishman professionals.  Further, the amount of time spent by Shaw Fishman with respect to the case is reasonable given the difficulty of the issues

presented, the time constraints imposed by the circumstances, the sophistication and experience of opposing counsel and the ultimate benefit to the estate.

25.     Whenever possible, Shaw Fishman has conscientiously attempted to avoid having multiple attorneys appear or confer on behalf of the Trustee.  To the greatest extent possible, meetings, court appearances, negotiations and other matters were handled on an individual basis. In certain circumstances, however, it was necessary for more than one Shaw Fishman attorney to appear in Court at the same time or attend a deposition.  Similarly, on certain occasions, Shaw Fishman had more than one attorney attend a meeting to strategize on issues that had particular import to the case.

26.     This case involved issues that were legally and factually complex.  The 727 Adversary Proceeding in particular required an incredible amount of investigation and diligence by Shaw Fishman in light of the lack of corporation from the Debtor, the lack of formation documents or business records for the Debtor's business entities and active interference from the Debtor.  Given the criteria set forth in 11 U.S.C. § 330, namely: (a) the nature, extent and value of the services; (b) the time spent; (c) the rates charged for such services; (d) the performance of the services within a reasonable amount of time commensurate with the complexity, importance and nature of the problem, issue or task addressed; and (e) the reasonableness of the services based on the compensation charged by comparably skilled practitioners in other bankruptcy and non-bankruptcy matters, Shaw Fishman respectfully submits that the requested compensation represents a fair and reasonable amount that should be allowed in full and on a final basis.

## Expenses

27.     The aggregate amount of expenses for which reimbursement is being sought is $21,244.49.  All of the expenses for which reimbursement is requested are expenses which Shaw

Fishman customarily recoups from its clients. An itemization of the expenses is attached hereto as part of <u>Exhibit A</u>. The types of costs for which reimbursement is sought are listed below.

| | | |
|---|---|---|
| Pacer Research | Actual Cost | $1,594.10 |
| Postage | Actual Cost | $186.67 |
| Federal Express/Shipping | Actual Cost | $71.63 |
| Westlaw | Actual or Prorated Cost | $3,592.89 |
| Recorder of Deeds | Actual Cost | $50.00 |
| Copying Services | Actual Cost | $416.70 |
| Parking/Taxi | Actual Cost | $267.82 |
| Photocopy | $.10 per Page | $6.40 |
| Process Server | Actual Cost | $443.00 |
| Messenger | Actual Cost | $230.99 |
| Transcripts | Actual Cost | $8,188.52 |
| Filing Fees | Actual Cost | $512.00 |
| e-Discovery | Actual Cost | $4,615.65 |
| Chicago Title Insurance Co. | Actual Cost | $420.00 |
| Witness | Actual Cost | $120.00 |
| Working Meals | Actual Cost | $404.87 |
| Court Reporter | Actual Cost | $123.25 |
| **Total** | | $21,244.49 |

28.     All of the expenses for which reimbursement is requested are actual and necessary expenses which Shaw Fishman incurred in the course of providing services to the Trustee.  All expenses were billed in the same manner as Shaw Fishman bills its non-bankruptcy clients. Further, the expenses for which reimbursement is sought constitute the types and amounts previously allowed by bankruptcy judges in this and other judicial districts.

### Compliance with 11 U.S.C. § 504

29.     In connection between the merger between Shaw Fishman and Fox Rothschild, Shaw Fishman has assigned all of its receivables to Fox Rothschild, including the Fees and Expenses sought by this Application.  Shaw Fishman respectfully submits that this arrangement complies with 11 U.S.C. § 504.

**Notice**

30.     Notice of this Application has been provided in accordance with Federal Rule of Bankruptcy Procedure 2002(a)(6) to (i) the Office of the United States Trustee; (ii) the Debtor; and (iii) all creditors requesting notice in this case.  Shaw Fishman requests that the Court finds this notice sufficient under the circumstances.

**Conclusion**

WHEREFORE, Shaw Fishman Glantz and Towbin LLC respectfully requests the entry of an order, substantially in the form attached hereto, that:

a)     Approves and allows the Fees in the amount of $400,000.00 on a final basis for services provided during the Application Period beginning July 9, 2015, through and including June 10, 2018;

b)     Approves and allows the Expenses in the amount of $21,244.49 on a final basis for expenses incurred during the Application Period beginning July 9, 2015 through and including June 10, 2018;

c)     Authorizes the Trustee to pay Shaw Fishman $158,755.73 of the Fees and all of Expenses; and

d)     Provides Shaw Fishman with such additional relief as may be appropriate and just under the circumstances.

Respectfully submitted,

SHAW FISHMAN GLANTZ & TOWBIN LLC

Dated: November 13, 2018                By:   /s/ Brian L. Shaw

Brian L. Shaw
David R. Doyle
FOX ROTHSCHILD LLP
321 North Clark Street, Suite 800
Chicago, IL 60654
Tel: (312) 541-0151
Fax: (312) 980-3888

*Counsel for the Trustee*